## Hill *against* Lambert and Brothers.

JUDGE *Saffold* delivered the opinion of the Court.

In this case there are several assignments of Errors. The counsel for the defendant in Error contends that the judgment of the Court below was on confession. The counsel for the plaintiff, that it does not so appear from the Record, and cannot operate as such, inasmuch as the defendant in the Court below appeared by attorney and not in proper person.

The entry in the Record is as follows: " This day came "·the parties by their attornies; and the said defendant says "·that he cannot gainsay the plaintiff's right of action for the " sum of $2400, with 10 per cent. interest thereon, from the " 25th day of *May*, 1819, until paid, with costs. Therefore " it is considered by the Court, that the ·plaintiff recover " against the defendant the sum of $2400 debt; also the fur- " ther sum of $86 and—— cents damages, as *aforesaid con-* ·" *fessed*, together with costs," &c.

*1. " This day came the parties by their Attornies, and the defendant says that he cannot gainsay the plaintiff's right of action for the sum of ——Debt, " with ——per cent. interest thereonfrom—— —— until paid," is a confession of judgment operating as a release of Errors.*

*2. Judgment may be confessed by Attorney.*

The form of a confession of judgment in the English books of precedents, as in *Wentworth* and in *Tidd*, reads, " And " the said defendant, by his attorney, comes and defends the "· wrong and injury when, &c., and says he cannot deny "·the aforesaid action of the said plaintiff, nor but that 'he " owes to him the sum of ———— in manner and form as the said plaintiff has above declared against him; Therefore it is considered," &c. In these forms, the entry is " that he "·cannot *deny the aforesaid action* of the said plaintiff, nor but " that he owes" a specified sum. The entry in this case is " that he cannot *gainsay the plaintiff's right of action :*"— words which convey the same idea, and were no doubt so intended by the party on whose behalf they were used. Neither in this nor in the English forms is the term *confess* used in the cognovit. In this case the judgment is for a sum stated as so much confessed; a fair and necessary conclusion from the words before used.

Can a valid confession be made by attorney? and if so, must the authority of the attorney appear in the Record?

The precedents referred to shew the practice in England. We conceive that a confession, either in proper person or by attorney, is valid.

The old practice of filing and entering of Record the warrant of attorney has been relaxed, for the convenience of parties, and without the aid of a Statute; and now, as was said in the case of *Gaines* and others *against* the Tombeckbu

DECEMBER, 1822.  Bank, ante, p. 50,) if an attorney takes upon himself to ap-
pear, the Court looks no farther, proceeds as if he had au-

Hill.
v.
Lambert and
Brothers.

thority, and leaves the party to his action against him should
it be otherwise (1 Sellon, 95). We have not discovered that
it is more necessary that the authority of the attorney should
appear in the Record when he confesses a judgment, than
when he pleads, or takes other steps in the name of his
client in the progress of an action. It is not the practice in
our Courts to file and enter of Record the warrant of attor-
ney. If he acts without authority he is responsible both to
the person whom he represents and to the Court. We con-
ceive that we are bound to presume that he has legal autho-
rity until the contrary shall be expressly shewn. This then
is a valid judgment by confession ; and, by virtue of our Sta-
tute, operates as a release of all Errors.

By all the Court.—Let the judgment be affirmed.